IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ID IMAGE SENSING LLC,

Plaintiff,

v.

OMNIVISION TECHNOLOGIES, INC.,

Defendant.

Civil Action No. 20-136-RGA

MEMORANDUM OPINION

Michael J. Farnan, FARNAN LLP, Wilmington, DE; Corby Vowell (argued), Dave R. Gunter (argued), FRIEDMAN, SUDER & COOKE, Fort Worth, TX,

Attorneys for Plaintiff.

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; David H. Bluestone (argued), Michael D. Educate, BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG, LLP, Chicago, IL,

Attorneys for Defendant.

November 9, 2021


**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is the issue of claim construction of multiple terms in claim 1 of U.S. Patent No. 7,333,145 ("the '145 patent"). The parties submitted a Joint Claim Construction Brief (D.I. 52) and I heard oral argument on October 19, 2021. (D.I. 59).

## I. BACKGROUND

The '145 patent relates to circuitry for camera modules used in digital cameras, including those incorporated into mobile phones, tablets, and laptops. (*See* '145 patent, 1:5–39; D.I. 52 at 2). Plaintiff asserts only claim 1 of the '145 patent. (D.I. 22 at ¶ 21; D.I. 59 at 65:6–10). Claim 1 recites:

> A camera module comprising:
> an image sensor array;
> a gain amplifier;
> an indicator set to indicate whether a first flash device or a second flash device is present; and
> a plurality of storage locations;
> wherein the plurality of storage locations is configured to store an exposure time and a gain, wherein the exposure time and the gain are associated with the first flash device in response to the indicator indicating the presence of the first flash device, wherein the exposure time and the gain are associated with the second flash device in response to the indicator indicating the presence of the second flash device, wherein the image sensor array is configured to capture an image using the exposure time, and wherein the gain amplifier is configured to perform processing on the image using the gain.

('145 patent, claim 1).

## II. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate

1

weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324) (alteration in original). When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 (internal quotation marks omitted).

"[T]he words of a claim are generally given their ordinary and customary meaning. . . . [Which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312–13 (citations and internal quotation marks omitted). "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331 (2015). The court may also make factual findings based upon consideration of extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317–19 (internal quotation marks

2

omitted). Extrinsic evidence may assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

### III. CONSTRUCTION OF DISPUTED TERMS

1. **"an indicator set to indicate whether a first flash device or a second flash device is present"**

   a. *Plaintiff's proposed construction*: no construction necessary

   b. *Defendant's proposed construction*: "a stored value identifying[1] whether a first or second flash device is attached to a camera module"

   c. *Court's construction*: plain and ordinary meaning

Defendant proposes replacing "an indicator set to indicate" with "a stored value identifying." In support of this construction, Defendant points to language in the specification providing, "Register 200 is configured to store a flash enable/flash type indicator." ('145 patent, 3:2–3). Defendant's argument is that a "stored value" would be what is stored in Register 200 in order to indicate what is present. The specification language, however, describes a non-limiting embodiment. (*Id.*, 2:13-14; 2:24-26). As Plaintiff asserted at the Markman hearing, the claimed "indicator" could also encompass a control circuit sending signals, or instructions/firmware executed by a processor. (D.I. 59 at 43:10–20 (citing '145 patent, 2:57–58, 3:33–36)). Thus, Defendant's construction improperly limits the claim scope to the disclosed embodiment. *See Phillips*, 415 F.3d at 1323.

Defendant argues that the claimed "indicator" is distinct from the "flash signal" that turns on the flash device. (D.I. 52 at 24). It reasons that dependent claim 6 recites "the control circuit

---

[1] Defendant would be amenable to "indicating" rather than "identifying." (D.I. 52 at 22 & n.3).

3

is configured to provide the flash signal to the [first/second] flash device in response to the indicator indicating the presence of the [first/second] flash device." Defendant contends that since the flash signal is provided in response to the indicator, it cannot be the indicator itself. (D.I. 52 at 24). I am not sure why this analysis would require construing "indicator" as a "stored value." Instead, Defendant appears to be advancing its non-infringement position, which is more appropriately resolved at a later stage in the case. (*See* D.I. 22 at ¶ 13 (alleging that the "STROBE" flash signal in the accused product is an "indicator")).

Given the claim construction principle counseling against adding negative limitations to constructions absent sufficient basis in the patent specification, I will decline to add the negative limitation that the indicator is not a flash signal. *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003) (declining to add a negative limitation when there was no "express disclaimer or independent lexicography in the written description that would justify adding that negative limitation"). If at the time of summary judgment, there appears to be a genuine claim construction dispute, I will consider further construction.

Based on some of Plaintiff's arguments at the Markman hearing, I do want to clarify that the plain meaning of "set to indicate" is not "configured to indicate" or "capable of indicating." Claim 1 uses both "set to" and "configured to." For example, claim 1 recites "the plurality of storage locations is configured to store an exposure time and gain," "the image sensor array is configured to capture an image," and "the gain amplifier is configured to perform processing on the image." As Plaintiff points out, "configured to" goes to the capability of the plurality of storage locations, the image sensor array, and the gain amplifier. (*See* D.I. 52 at 34). The usage of the different terms "set to" and "configured to" indicates that the patentee intended a different meaning for "set to" than for "configured to." *See Amgen Inc. v. Sandoz Inc.*, 923 F.3d 1023,

4

1031 (Fed. Cir. 2019) ("[D]ifferent claim terms are presumed to have different meanings." (quoting *Helmsderfer v. Bobrick Washroom Equip., Inc.*, 527 F.3d 1379, 1382 (Fed. Cir. 2008))). "Set to indicate" requires something more than mere future capability; this term relates to the present condition of the indicator.

Defendant also argues that "is present" should be construed as "is attached" based on a statement made by the examiner in the notice of allowability. (D.I. 52 at 23). This construction is merely an attempt to substitute Defendant's word for the patentee's word. Simply because the examiner used a different word is not a good reason to make such a substitution. The plain meaning of "present" is broader than "attached." In the context of the invention, it may also be broader. It does not appear that the patentee gave the word "present" any special meaning, and I see no reason to believe that the jury will have any difficulty understanding and applying the word.

2. **"store an exposure time and a gain"**

   a. *Plaintiff's proposed construction*: no construction necessary

   b. *Defendant's proposed construction*: "record values representing exposure time and gain"

   c. *Court's construction*: plain and ordinary meaning

Defendant argues that "store" means "record values." (D.I. 52 at 35–36). I see no basis in the '145 patent that supports this substitution. The patentee did not act as its own lexicographer with respect to this term, nor has there been a clear and unambiguous disavowal of claim scope. This term does not need additional construction beyond what the claim already provides. The meaning of this term in the context of the claim is clear and readily understandable to the jury. Thus, I apply the plain and ordinary meaning, which is, as always, the default in claim construction. *Phillips*, 415 F.3d at 1316.

5

3. **"the exposure time and the gain are associated with the [first/second] flash device"**

   a. *Plaintiff's proposed construction*: no construction necessary

   b. *Defendant's proposed construction*: "the exposure time and gain parameters are calculated differently depending on the type of flash device"

   c. *Court's construction*: plain and ordinary meaning

Defendant argues that "associated with" means "calculated differently." (D.I. 52 at 41–44). In support of this construction, Defendant points to language in the specification stating, "As described in FIGS. 5-10 below, host 110 calculates these parameters differently depending on the type of flash device and the operation of image sensor array 128. Accordingly, the parameters are associated with the type of flash device and the operation of image sensor array 128." ('145 patent, 5:13–18).

Defendant contends that the patentee acted as its own lexicographer to define the meaning of "associated with." (D.I. 52 at 42). I do not think this language rises to the level of lexicography. As the Federal Circuit instructs, "It is not enough for a patentee to simply disclose a single embodiment . . . the patentee must clearly express an intent to redefine the term." *MTD Prods. Inc. v. Iancu*, 933 F.3d 1336, 1343 (Fed. Cir. 2019) (cleaned up). The patentee has not clearly expressed an intent to redefine "associated with." Instead, the patentee is providing an example of how exposure time and gain may be associated with a first/second flash device.

The plain meaning of "associated with" is broader than "calculated differently." It implies a relationship or connection. There is no clear and unambiguous disavowal of claim scope in the specification or prosecution history. I therefore decline to adopt Defendant's proposed construction and apply the plain and ordinary meaning.

6

4.  **"in response to the indicator indicating the presence of the [first/second] flash device"**

    a. *Plaintiff's proposed construction*: no construction necessary

    b. *Defendants' proposed construction*: "the indicator indicating the presence of a first/second flash device causes"

    c. *Court's construction*: plain and ordinary meaning

Defendant's proposed construction merely rephrases the plain language of the claim by reordering the claim terms and substituting synonyms. This does not present a genuine claim construction dispute, and I do not think this construction is necessary to clarify the plain meaning of the claim for the jury. *See C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 863 (Fed. Cir. 2004). The meaning of this term in the context of the claim is clear and readily understandable to the jury. Thus, I apply the plain and ordinary meaning.

## IV. CONCLUSION

Within five days the parties shall submit a proposed order consistent with this Memorandum Opinion suitable for submission to the jury.