IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ID IMAGE SENSING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC.,<br><br>    Defendant. | C.A. No. 20-cv-136-RGA<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION |

**DEFENDANT OMNIVISION'S LETTER BRIEF IN SUPPORT OF ITS
MOTION TO STRIKE IIS'S MARCH 22, 2022 INFRINGEMENT CONTENTIONS AND
MOTION TO COMPEL A RESPONSE TO INTERROGATORY NO. 11**

Dated:  April 6, 2022

OF COUNSEL:

BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG, LLC
David H. Bluestone
david.bluestone@bfkn.com
Michael D. Educate
michael.educate@bfkn.com
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100

Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant OmniVision
Technologies, Inc.*

Dear Judge Hall,

It is over two years into the case and fact discovery is closed. Plaintiff ID Image Sensing LLC's ("IIS") now seeks to greatly expand the case by pursuing infringement theories that fail to address black-letter law requirements and have no supporting evidence. IIS has also refused to respond to an interrogatory relevant to resolving the case on summary judgment. Defendant OmniVision Technologies, Inc. ("OmniVision") asks the Court to strike IIS's March 22, 2022 Infringement Contentions and compel IIS to respond to Interrogatory No. 11.

## I. The Court Should Strike IIS's March 22, 2022 Infringement Contentions.

Plaintiff IIS has failed to put OmniVision on notice of any theories by which OmniVision could be liable for induced infringement, infringement under the doctrine of equivalents, or direct infringement pursuant to the Court's claim construction. With no viable theory presented, there is no cure for the prejudice imposed on OmniVision. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 13-1669, 2017 WL 658468, at *3 (D. Del. Feb. 14, 2017) ("IV I"). IIS's contentions must be stricken. *See id.*

**IIS Has Not Adequately Addressed Induced Infringement:** The Court correctly expressed skepticism of IIS's prospective induced infringement arguments in its March 7, 2022 order. (D.I. 90.)  IIS's inducement theory, which is set forth in just three paragraphs in  IIS's belated March 22, 2022 Supplemental Contentions, fails to address any of the required induced infringement elements. (*See* Ex. A at 2–3.) A party asserting induced infringement must "prove that: (1) a third party directly infringed the asserted claims of the [asserted] patents; (2) [the defendant] induced those infringing acts; and (3) [the defendant] knew the acts it induced constituted infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016) ("Power Int. II"). The relevant time frame here is after the filing of the original complaint, January 29, 2020, when OmniVision first became aware of the '145 patent.

(1) *IIS fails to identify any underlying acts of direct infringement by a third-party.* IIS provides no analysis concerning products sold in 2020 or later, that such products were imported into the United States (for its worldwide infringement assertions), that OmniVision image sensors were included in end-products sold in the United States, or that such products were sold in a purportedly infringing configuration. The only product that IIS mentions is a single Microsoft Surface Pro 4, referenced in a 2015 product review article. A 2015 product cannot provide the basis for inducement, given that OmniVision did not even know of the '145 patent until after January 29, 2020. Nor has IIS provided any analysis or discovery concerning the 2015 product. Indeed, IIS has failed to identify *any* products that it believes were sold in or imported into the United States during or after 2020 in its contentions, or produce any documents concerning such products during fact discovery. Because IIS's contentions do not identify any acts of direct infringement by a third-party, they are fatally deficient. *See id.* at 1331–32 (actual direct infringement is required, intent to induce is insufficient).

(2) *IIS fails to assert how OmniVision induced third-party direct infringement.* IIS has not identified even one OmniVision statement inducing others to incorporate OmniVision image sensors in an infringing manner into end-products, or to import those end-products into the United States. IIS has not identified a single "customer" or "instruction" evidencing the requisite specific

1

intent to induce infringement. IIS has not cited anything from the ~100,000 pages of materials timely produced by OmniVision on or before December 10, 2021. (*See* Ex. A at 2–3.) Instead, IIS cites to a hyperlink to a publicly available reposititory of OmniVision product briefs. (*See id.* at 3) IIS cannot credibly argue that these documents are sufficient to induce third-party infringement: IIS informed the Court at the March 31, 2022 hearing that the very same materials were insufficient for determining what products purportedly infringe the '145 patent. IIS's contentions are fatally flawed because IIS has not set forth any evidence by which OmniVision "successfully communicate[d] with and induce[d] a third-party direct infringer." *Power Int. II* at 1331.

(3) *IIS fails to assert that OmniVision knowingly induced acts constituting infringement.* IIS has not pointed to any statements made after January 29, 2020, when OmniVision first became aware of the '145 patent. Induced infringement requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Inducement requires not only knowledge of the existence of the patent that is infringed, but also that "the defendant knew the acts were infringing." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). IIS's sole reference to a 2015 Microsoft Surface Pro is irrelevant: OmniVision could not have knowingly induced infringement. The product design was established more than 5 years before OmniVision became aware of the '145 patent. IIS has not explained how OmniVision knew of the patent and then induced acts knowing they would result in infringement. *See id.*

IIS instead insists that generally marketing one's products and "knowing" some foreign manufactured products may end up in products imported into the United States justifies expanding this case beyond the territorial limits of U.S. patent law. (Ex. A at 2–3.) IIS's theory is untenable. "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *See Takeda Pharms. USA v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015). IIS's attempt to expand the case to encompass worldwide activity after fact discovery has closed is highly prejudicial to OmniVision and contrary to well-settled patent law excluding liability for conduct that occurs solely overseas. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371–72 (Fed. Cir. 2013).

IIS's original claim for indirect infringement was dismissed as legally deficient. (D.I. 16 at 16; D.I. 21.) IIS amended its complaint based on notice pleading alone. (D.I. 22.) With fact discovery closed, IIS lacks a viable theory of indirect infringement concerning importation into the United States. Image sensors are components manufactured overseas and sold to foreign distributors, who in turn sell them to third parties who independently determine which image sensors to incorporate with other components, which are then incorporated into end-products. (Ex. B, A. Chan Dep. Tr. at 67:11–20, 78:9–79:14.) Whether any of foreign sales of image sensors are ultimately imported into the United States is irrelevant to OmniVision's business. (*Id.* at 58:8–91:1, 59:19–60:25, 79:24–80:9.) IIS's March 22, 2022 Amended Infringement Contentions are fatally deficient, prejudicial, and should be stricken.

**IIS Has Not Set Forth a Basis for Infringement under the Doctrine of Equivalents:** IIS previously argued that it was premature to require it to provide a substantive response regarding the doctrine of equivalents. (D.I. 45 at 4.) The claims have been construed, and fact discovery is over. Yet, IIS has failed to apply the requisite "linking argument as to the insubstantiality of the differences between the claimed inventions and the accused device[s]." *See IV I,* 2017 WL 658468,

at *3. This is highly prejudicial to OmniVision, which lacks notice of how its products allegedly infringe under the doctrine of equivalents. *Id.* Accordingly, these contentions must be stricken. *Id.*

**IIS Fails to Apply the Court's Claim Construction for Its Direct Infringement Claim:** IIS's contentions are also deficient because IIS failed to address the Court's construction of "an indicator set to indicate." IIS argued that "set to indicate" means just being capable of indicating, and it lost. (Ex. C at 19:20–23, 20:18–22, 38:23–24, 44:14–45:23, 61:2–63:6.) The Court ruled that the indicator has to be actually *set*, *i.e.*, indicating an actual present condition. (D.I. 60 at 5–6.) Yet, IIS has not revised its prior charts at all to set forth how the purported indicator in the accused products is "set." (*See* Ex. D.) IIS's failure to apply the construction is prejudicial, precludes an ability to cure, and is willful. *See IV I,* 2017 WL 658468, at *3.

IIS has also failed to provide any evidence regarding "in response to," as required by the claim. IIS previously argued that there were "claim construction positions which had yet to be fully fleshed out or vetted." (D.I. 45 at 4.) At the Markman hearing, IIS acquiesced that "in conjunction with is not the same thing as in response to." (Ex. C at 6:8-12.) Yet, IIS's contentions still fail to provide any theory by which anything resembling any "in response to" conduct occurs. (*See* Ex. E.) IIS alleged in its Amended Complaint that the infringing features could be found deep inside OmniVision's source code. (*See* D.I. 22 at ¶ 16.) But IIS never inspected the source code, despite OmniVision's repeated offers making it available. The record is devoid of any theory that the "in response to" limitation is present.

**IIS Cannot Assert that One Product Is Representative of 59 Additional Products.** IIS has not disclosed any basis for infringement for 59 of the 60 products it added on March 22, 2022. (*See* Ex. F at 3.) As discussed in OmniVision's previous letter brief (D.I. 97 at 2–3), IIS has prejudiced OmniVision and has willfully delayed in setting forth evidence regarding these 59 products. IIS represented to the Court that it belatedly added these products because it needed to review many documents produced four months ago. IIS tellingly has not cited to any produced documents relating to these 59 products. (*Id.*) The Court should reject IIS's attempt to add them at the eleventh hour with no support. *See, e.g., Uniloc 2017 LLC v. Apple, Inc.*, C.A. No. 19-1929, 2020 WL 978678, at *3 (N.D. Cal. Feb. 28. 2020).

**IIS's Supplemental Infringement Contentions Are Untimely.** While the Court extended fact discovery to allow the parties to complete discovery already served, IIS did not serve its March 22, 2022 Supplemental Infringement Contentions prior to the original deadline for fact discovery (March 14). As such, if IIS seeks to proceed with these contentions, it must show good cause to amend the Scheduling Order. Fed. R. Civ. P. 16(b)(4).

II.     **IIS Should Be Compelled to Supplement Its Response to Interrogatory No. 11.**

The parties dispute whether IIS is improperly asserting infringement of a "flash signal" instead of the required "indicator set to indicate" in the asserted claim 1, which the Court has indicated is a topic for summary judgment. (D.I. 60 at 5.) OmniVision issued Interrogatory No. 11, which asks IIS to delineate between the "indicator set to indicate" asserted in claim 1 and the "flash signal" in the accused products. (Ex. G at 9.) IIS has refused to respond. (*Id.* at 9–10; Ex. F.) IIS's infringement contentions do not address the "flash signal" at all. IIS's statements are non-responsive. OmniVision requests that the Court compel IIS to answer the interrogatory.

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I caused true and correct copies of the foregoing document to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Brian E. Farnan
Michael J. Farnan
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Jonathan T. Suder
Corby R. Vowell
Dave R. Gunter
Glenn S. Orman
Friedman, Suder & Cooke
604 East 4th Street, Suite 200
Fort Worth, TX 76102

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)